IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BENNY RAMOS DAVID,**

    *Petitioner,*

v.

**UNITED STATES OF AMERICA,**

    *Defendant.*

**CIVIL NO. 20-1420 (DRD)**
Cr. No. 17-124-4 (DRD)
Cr. No. 17-193-1 (DRD)

Consolidated cases

**OPINION AND ORDER**

Pending before the Court is Petitioner, Benny Ramos David's (hereinafter "Ramos David") *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (hereinafter, "§ 2255 Petition"). *See* Docket No*.* 1. The Government, in turn, filed its response in opposition thereto[1]. *See* Docket No. 11.

For reasons stated herein, the Court **DENIES** Petitioner's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.*

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

Sometime between January 2015 and February 2017, Petitioner and four (4) other co-defendants engaged in a series of carjackings while brandishing a firearm, and at least one robbery. *See* Cr. Nos. 17-124-4 (DRD) and 17-193 (DRD). Specifically, on March 1, 2017, a Grand

---

[1] The Court notes that The Government's response was filed, four (4) days past its deadline of June 17, 2022. Accordingly, the Government has requested that the response be accepted *nunc pro tunc*, alleging an inadvertent oversight as the cause of the delay. *See* Docket No. 11. The Court may extend the time "on motion[s] made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Court hereby **GRANTS** the Government's request.

Jury returned a Two-Count Indictment wherein five (5) defendants, including the Petitioner, were charged with a carjacking offense in violation of 18 U.S.C. §§ 2119(1) (hereinafter, "Count One 17-124"); and brandishing a firearm during and in relation with a crime of violence, namely, a carjacking in violation of 924(c)(1)(A)(ii) and (2) (hereinafter, "Count Two 17-124"). *See Indictment*, Docket No. 3 in Cr. No. 17-124 (DRD).

On May 31, 2017, a Grand Jury returned a Four Count Indictment against the Petitioner wherein he was charged with three (3) carjacking offenses in violation of 18 U.S.C. §§ 2119(1), 1951 and 2 (hereinafter "Counts One through Three 17-193"); and a robbery offense in violation of 18 U.S.C. §§ 1951 and 2 (hereinafter "Count Four 17-193"). *See Superseding Indictment*, Docket No.17 in Cr. No. 17-193 (DRD). On June 26, 2018, both cases were consolidated at the request of the government. *See* Docket Nos. 129 and 132 in Cr. No. 17-124 (DRD) and Docket Nos. 42 and 45 in Cr. No. 17-193 (DRD).

On February 12, 2019, Ramos David entered a guilty plea as to all charges in the consolidated cases. *See Plea and Forfeiture Agreement*, Docket No. 231 in Cr. No. 17-124 (DRD).

On July 30, 2019, the Petitioner was sentenced to a term of 97 months as to Count One in Cr. No. 17-124 (DRD) and Counts One through Four in Cr. No. 17-193 (DRD) and 72 months as to Count Two in Cr. No. 17-124 (DRD) to be served consecutively with each other for a total term of imprisonment of 169 months. *See Judgment*, Docket No. 255 in Cr. No. 17-124 (DRD). The Court accepted the sentence recommendation of 97 months as to all charges except for the § 924(c) offense. *See* Docket No. 267 at 32 in Cr. No. 17-124 (DRD). Essentially, the Court

considered a prior weapon offense[2], to conclude that "he has a pattern of using weapons when he is involved in these robberies." *Id.* As a result thereof, the Court sentenced the Petitioner to 72 months of imprisonment as to Count Two in Criminal Case 17-124 to be served consecutively[3] to Count One in Criminal Case 17-124 and Counts One through Four in Criminal Case 17-193, for a total of 169 months. *See* Docket No. 255 in Cr. No. 17-124 (DRD).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct his or her sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *See Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); *see Knight v. United States*, 37 F.3d 769, 772-73 (1st Cir. 1994).

A petitioner may not employ a petition to vacate, set aside or correct sentence to relitigate claims already raised and considered in a prior petition or on direct appeal. *See Pitcher v. U.S.*, 371 F. Supp. 2d 246 (E.D. N.Y. 2005). A § 2255 motion to vacate, set aside, or correct

---

[2] The Defendant has a prior conviction in the state court for carrying and using of a firearm without a license in violation of PR Weapons Law, Law 404, Art. 5.04, Criminal Case No. DLA2011G0133. *See Presentence Investigation Report*, Docket No. 252 in Cr. No. 17-124 (DRD).
[3] Count Two charged the Petitioner with possession of a firearm during, and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(i) and 2. It is mandatory for firearms convictions to be served consecutively.

sentence is not substitute for direct appeal; nor can it be used to relitigate questions which were raised and considered on direct appeal. *See Graff v. U.S.*, 269 F. Supp. 2d 76 (E.D. N.Y. 2003).

### III.   ANALYSIS

**A. INEFFECTIVE ASSISTANCE OF COUNSEL**

In order to succeed on a claim of ineffective assistance of counsel under 28 U.S.C. § 2255, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *See Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (quoting *Strickland v. Washington,* 466, U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *see Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996); *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994); *Lema*, 987 F.2d at 51; *López-Nieves v. United States*, 917 F.2d 645, 648 (1st Cir. 1990) (citing *Strickland*, 466 U.S. at 687). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. However, the Supreme Court also has recognized that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

There is no doubt that *Strickland* also applies to representations outside of the trial setting, which would include plea bargains, sentence and appeal. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408-10, 182 L. Ed. 2d 379 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Bonneau v. United States*, 961 F.2d 17, 20-22 (1st Cir. 1992); *United States v. Tajeddini*, 945 F.2d 458, 468-69 (1st Cir. 1991)(abrogated on other

4

grounds by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)); cf. *Panzardi-Álvarez v. United States*, 879 F.2d 975, 982 (1st Cir. 1989); *López-Torres v. United States*, 876 F.2d 4, 5 (1st Cir. 1989) (abrogated on other grounds by the First Circuit in *Bonneau*). Failure to satisfy one of the Strickland prongs is fatal and, therefore, the court is free to tackle either prong first. *See United States v. Carrigan*, 724 F.3d 39, 44 (1st Cir. 2013); *Sleeper v. Spencer*, 510 F.3d 32, 39 (1st Cir. 2007) (the court need not address both requirements if the evidence as to either is lacking).

In examining whether the Petitioner's representation was below the objective standard of reasonableness, Courts should always provide a determination as to whether Petitioner received from counsel the constitutional right to an adequate representation. "In all criminal prosecutions, the accused shall enjoy the [right] [. . .] to have the Assistance of Counsel for his defen[s]e." *See* U.S. Const. amend. VI. The first prong of *Strickland* is satisfied when the Petitioner proves that counsel's performance fell under an objective standard of reasonableness. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." *Strickland*, 466 U.S. 668, 687–88.

In any ineffectiveness assistance of counsel case, a particular decision "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id*. at 691. Petitioner could prevail in his claim should he prove that counsel's action was "so patently unreasonable that no competent attorney would have made it." *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006).

Ramos David alleges that counsel provided ineffective assistance as to his plea negotiation, and that misrepresentations were made by counsel regarding the plea. *See* Docket

5

No. 1 at 4-6. The alleged misrepresentations Petitioner claims have caused him harm are that: (1) the Court was bound to the plea agreement and agreed to a 12-year sentence; (2) when asked if promises made to him outside of the plea agreement existed, Petitioner should affirm that there were none; and (3) the Court would lie about its ability to impose a variant sentence (labeling the Court's warning as a formality instead of a real possibility). *Id.*

Petitioner further claims that counsel misled him regarding possible consequences, yet this claim is unsubstantiated and runs counter to his own statements during the Change of Plea Hearing. Ramos David first argues that counsel met with the prosecution and the Court, wherein they collectively agreed that a12-year sentence would be imposed. *See* Docket No. 1 at 5-6. Yet, this argument is unfounded as Ramos David himself acknowledged that the Court was not bound by the agreement or its sentencing guidelines; as follows:

> THE COURT: Sir, do you understand also that the sentence imposed may be different from any estimate your attorney may have provided you?
>
> THE DEFENDANT: Yes.
>
> (. . .)
>
> THE COURT: So do you understand that if the Court does not accept the sentencing recommendation in your plea, you will still be bound by your plea, and you will not have a right to withdraw your acceptance of responsibility as to all the counts in this case? Do you understand that?
> THE DEFENDANT: Yes.
>
> (. . .)
>
> THE COURT: Do you understand that the Court is not bound by the recommendations made by either the United States or your lawyer contained in the plea agreement?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand that if the sentence is more severe than you expect, you will still be bound by your plea and will have no right to withdraw any of the acceptances of responsibility, that is, the guilty plea in any of the six cases?

THE DEFENDANT: Yes.

*See* Docket No. 266 at 26, 30, 36-37 in Cr. Case No. 17-214 (DRD). The record reflects that at least on three occasions throughout the hearing, Ramos David affirmed that he knew the Court was not bound by the agreement and that the Court could impose a variant sentence higher than 12 years. *Id.* As correctly asserted by the Government, a defendant's statements in open court carry a strong presumption of verity. As such, the Court should not allow the Petitioner "to turn his back on his own representations to the court merely because it would suit his convenience to do so." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *see also United States v. Parrilla-Tirado*, 22 F.3d 368, 373 (1st Cir. 1994). Therefore, Petitioner's first claim, that he believed the Court was bound by the plea agreement, is hereby **DENIED**.

Petitioner's second claim is that he was instructed to tell the Court that no promises were made to induce him to plead guilty existed. He affirmed at the Change of Plea Hearing that no inducement or coercion existed to ensure that he would enter a guilty plea, as follows:

> THE COURT: Now, has anyone made any other or different promise or assurance to you of any kind in an effort to induce you to enter into a plea of guilty in this case?
> THE DEFENDANT: No.
> THE COURT: Sir, have you been threatened and/or coerced to enter into a plea?
> THE DEFENDANT: No.
> THE COURT: Has anyone made any promise or assurance to you of any kind in an effort to induce you to enter into a guilty plea?
> THE DEFENDANT: No.

*See* Docket No. 266 at 23-24 in Cr. Case No. 17-124-4. Petitioner raises the fact that he was instructed to be honest regarding inducements to plead guilty as an error by counsel, yet the Court finds that counsel did not err when advising a client to correctly state that no promises,

7

coercion, threats, or other form of inducement exists. Advising to tell the truth when pleading guilty cannot be considered ineffective assistance of counsel.

Ramos David claims that he relied on counsel's advice wherein he allegedly stated that the Court's warning that it may issue a sentence higher than 12 years was merely a formality and not a possibility. *See* Docket No. 1. As the transcript of the Change of Plea Hearing has demonstrated, Petitioner was amply warned about the fact that the Court would not be bound by the plea agreement and that it could issue a higher sentence than what was recommended in the agreement. *See* Docket No. 266 at 36-37 in Cr. Case No. 17-124 (DRD)[4]. Ramos David affirmed every time this issue was raised that he understood fully that the Court was not bound by the agreement and was entitled to exercise its own discretion regarding the final sentence. *Id.* So long as the Petitioner was sentenced to 181 months or less, a waiver of appeal would ensue. *See Plea Agreement*, Docket No. 266 at ¶ 10 in Cr. No. 17-124 (DRD). The Petitioner was ultimately sentenced to 169 months of imprisonment, namely, well within the agreed upon recommendations for sentence. *See id.*

Even if the Court disregards the strong presumption of effective assistance by counsel and assumes that counsel misrepresented what would happen at the hearing, the Court cannot disregard the multiple affirmations by Ramos David wherein he stated a full understanding of the

---

[4] THE COURT: Do you understand that the Court is not bound by the recommendations made by either the United States or your lawyer contained in the plea agreement?
THE DEFENDANT: Yes.
THE COURT: Do you understand that if the sentence is more severe than you expect, you will still be bound by your plea and will have no right to withdraw any of the acceptances of responsibility, that is, the guilty plea in any of the six cases?
THE DEFENDANT: Yes.
THE COURT: But you will always be able to appeal your sentence except if there is a waiver to appeal the sentence and the judge provides you a sentence within the waiver terms. Do you understand that?
THE DEFENDANT: Yes.

Court's position, ability, and discretion regarding his sentence. Therefore, the Petitioner's contention is unfounded and must be **DENIED.**

Finally, the Petitioner claims that the issuance of a sentence above the 12-year minimum (but still within the sentencing range) is prejudicial, for had he known that any sentence beyond the minimum could be entered then he would have chosen to go to trial. *See* Docket No. 1 at 6. The Plea Agreement which the Petitioner signed states that the sentence recommendation range the prosecution and defense would bind themselves to would be between 157 and 181 months. Therefore, it is reasonable to conclude that the Petitioner knew he would be sentenced to an imprisonment term longer than 12 years and, nonetheless. pleaded guilty without objection. *See Plea Agreement*, Docket No. 231 in Cr. No. 17-124 (DRD). Accordingly, the Petitioner's claim of prejudice regarding him willfully forfeiting his right to trial is hereby **DENIED**.

Petitioner's claims fail to establish an objective standard that demonstrates ineffective assistance of counsel, nor do they survive scrutiny when compared to his statements at the Change of Plea Hearing or when given excessive discretion and bias in his favor. Ramos David's claims therefore cannot be accepted as they fail under a *Strickland* analysis. Petitioner's claims of ineffective assistance of counsel are, therefore, **DENIED**.

### B. EVIDENTIARY HEARING

Though not specifically requested by Petitioner, the Government asserts preemptively that the Petitioner is not entitled to an evidentiary hearing. *See* Docket No. 11 at 8-9.  An evidentiary hearing is not required if (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are

"inherently incredible." *See David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). Petitioner's allegations, if true, do not entitle him to relief and/or contradict the record, therefore, an evidentiary hearing is not warranted.

### IV.    CONCLUSION

For the reasons elucidated above, the Court determines that Petitioner's § 2255 Motion alleging ineffective assistance of counsel is meritless and is **DENIED**.

It is further ordered that no certificate of appealability be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of August, 2022.

*S/ Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge